IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| OHIO SECURITY INSURANCE COMPANY | : | CIVIL ACTION |
| 175 Berkeley Street | : | |
| Boston, MA  02116 | : | NO. |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| PREMIUM FOOD GROUP, INC. | : | |
| 13 Industrial Drive | : | |
| Florida, NY 10921 | : | |
| and | : | |
| NUT CRAVINGS, INC. | : | |
| 34 Merriewold Ln S | : | |
| Monroe, NY 10950, | : | |
| Defendants | : | |

## **COMPLAINT**

Plaintiff, Ohio Security Insurance Company ("Ohio Security"), by and through its counsel, Post & Schell, P.C., files the following Complaint against Premium Food Group, Inc. ("Premium Food") and Nut Cravings, Inc. ("Nut Cravings") and, in support thereof, avers as follows:

### **Prefatory Notice**

1. Ohio Security brings this Complaint pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, seeking a declaration with respect to its coverage obligations owed to Premium Food and Nut Cravings (collectively hereinafter "Defendants") under Commercial General Liability Policies issued by Ohio Security to Premium Food with respect to a suit filed against Nut Cravings captioned *Rebecca Lancia, et al. v. Amazon.com, Inc., et al.*, Civil Action No. L-002049-21, Superior Court of New Jersey, Law Division, Middlesex County (the "Lancia Action").

**Nature of the Action**

2. This is an action for declaratory judgment arising out of an actual and existing controversy concerning the parties' rights, status, and liability under insurance policies issued by Ohio Security to Premium Food in connection with the Lancia Action, wherein Rebecca and Paul Lancia allege that, at some point prior to August 2020, Nut Cravings sold, supplied, distributed, and marketed unwashed poppy seeds to Rebecca Lancia and that these unwashed poppy seeds caused Ms. Lancia to suffer multiple strokes beginning in April 2019.

3. Ohio Security seeks a declaration that it has no obligation (a) to defend Nut Cravings in connection with the Lancia Action, (b) to pay any amount Nut Cravings may be obligated to pay as a result of a judgment or settlement in connection with the Lancia Action, or (c) to reimburse or otherwise provide coverage to Premium Food for any payments it makes for the defense and indemnification of Nut Cravings in the Lancia Action. Ohio Security also seeks a declaration that it has a right of reimbursement of any defense and indemnity paid on behalf of Nut Cravings.

**Parties**

4. Ohio Security is an insurance company incorporated under the laws of the State of New Hampshire with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts, 02116.

5. On information and belief, Premium Food is a corporation incorporated under the laws of the State of New York with its principal place of business located at 13 Industrial Dr., Florida, NY 10921.

6. On information and belief, Nut Cravings is a corporation incorporated under the laws of the State of New York with its principal place of business located at 13 Industrial Dr., Florida, NY 10921.

## Jurisdiction and Venue

7. The Court has subject matter jurisdiction over the Defendants pursuant to 28 U.S.C. § 1332. There is complete diversity between Ohio Security and Defendants and the amount in controversy exceeds $75,000, exclusive of costs and interest.

8. The Court has personal jurisdiction over the Defendants because, upon information and belief, they regularly conduct business in the State of New Jersey.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendants are subject to the personal jurisdiction of this Court, because a substantial part of the events or omissions giving rise to the claims made in the Lancia Action are alleged to have occurred in this judicial district, and because the Lancia Action is pending in this judicial district.

## The Lancia Action

10. On or about April 5, 2021, a civil complaint was filed in the Lancia Action (the "Underlying Complaint"). A true and correct copy of the Underlying Complaint is attached hereto as Exhibit A.

11. The Underlying Complaint alleges that, on or about April 22, 2019, Rebecca Lancia suffered the first of multiple strokes. (*See* Ex. A, Compl. ¶ 1)

12. The Underlying Complaint further alleges that, at the time of her first stroke on April 22, 2019, Rebecca and Paul Lancia did not know what had caused her stroke, but by August 2020, the neurological team caring for Ms. Lancia determined that her strokes and neurological issues were caused by consuming unwashed poppy seeds. (*See id.* ¶¶ 1, 3)

13. Rebecca Lancia states that she consumed poppy seed tea as a treatment for rheumatoid arthritis and that she purchased unwashed poppy seeds for her tea from, among others, Nut Cravings. (*See id.* ¶¶ 4, 7)

14. Nut Cravings is alleged to be engaged in the business of selling, supplying, distributing, and marketing "nuts, fruit, and gifts" throughout the United States, including in New Jersey and Missouri. (*See id.* ¶ 113)

15. The defendants in the Lancia Action, including Nut Cravings, are alleged to either have known, or should have known, that the unwashed poppy seeds sold to Rebecca Lancia contained dangerous levels of opiate alkaloids. (*See id.* ¶ 13)

16. The Underlying Complaint states that manufacturing defects, design defects, and the failure to provide adequate warnings concerning unwashed poppy seeds were a substantial contributing factor in causing injuries to Ms. Lancia. (*See id.* ¶ 14)

17. The defendants in the Lancia Action, including Nut Cravings, are further alleged to either have known, or should have known, that their unwashed poppy seeds would be used to make poppy seed tea and that poppy seed tea made with unwashed poppy seeds is a defective, adulterated food product that qualifies as a Schedule II narcotic. (*See id.* ¶¶ 161-162, 171-179)

18. The Underlying Complaint further states that the unwashed poppy seeds sold by the defendants in the Lancia Action, including Nut Cravings, were defective and unreasonably dangerous when they were shipped, that sales of unwashed poppy seeds continued after the dangers of this product were known, that the poppy seeds could have been made safer by washing them, and that adequate warnings of the dangers posed by this product were not provided. (*See id.* ¶¶ 180-193, 202-208)

19. The Underlying Complaint sets forth eleven (11) counts against Nut Cravings: Count I is styled as a products liability claim; Count II is for breach of warranty; Count III asserts a claim for negligence per se; Count IV is for negligence; Count V is styled as a claim for misrepresentation and failure to disclose; Count VI is for defective design under the Products Liability Act; Count VII asserts a claim for strict liability; Count VIII is styled as a Consumer Fraud Act claim; Count IX is for punitive damages; Count X is for loss of consortium; and Count XI is labeled as a claim for negligent infliction of emotional and mental distress from witnessing serious injury to an intimate family member.

### The Ohio Security Policies

20. Ohio Security issued Policy Number BKS (19) 59 30 57 38, effective for the period from November 13, 2018 to November 13, 2019, to Premium Food. A true and correct certified copy of Policy Number BKS (19) 59 30 57 38 is attached hereto as Exhibit B.

21. Ohio Security issued Policy Number BKS (20) 59 30 57 38, effective for the period from November 13, 2019 to November 13, 2020, to Premium Food. A true and correct certified copy of Policy Number BKS (20) 59 30 57 38 is attached hereto as Exhibit C.

22. Ohio Security issued Policy Number BKS (21) 59 30 57 38, effective for the period from November 13, 2020 to November 13, 2021, to Premium Food. A true and correct certified copy of Policy Number BKS (21) 59 30 57 38 is attached hereto as Exhibit D.

23. Ohio Security Policy Numbers BKS (19) 59 30 57 38, BKS (20) 59 30 57 38, and (21) 59 30 57 38 (collectively the "Ohio Security Policies") contain, for the purposes of this declaratory judgment action, essentially the same policy language.[1]

---

[1] For ease of reference, Ohio Security added page numbers to the Ohio Security Policies and will cite to those page numbers when referencing specific policy provisions.

24. As modified by endorsements, the Commercial General Liability Coverage Form in the Ohio Security Policies states in SECTION I—COVERAGES, COVERAGE A—BODILY INJURY AND PROPERTY DAMAGE LIABILITY:

**1. Insuring Agreement**

   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit' are groundless, false or fraudulent.  However, we will have no duty to defend this insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

      **(1)** The amount we will pay for damages is limited as described in Section **III** - Limits Of Insurance; and

      **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments—Coverages **A** and **B**.

   **b.** This insurance applies to "bodily injury" and "property damage" only if:

      **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

      **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the

> "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.
>
> \* \* \*
>
> **2. Exclusions**
>
> This insurance does not apply to:
>
> \* \* \*
>
> **b. Contractual Liability**
>
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>
> **(1)** That the insured would have in the absence of the contract or agreement; or
>
> **(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:
>
> **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and
>
> **(b)** Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

(Ex. B, 2018-19 Policy at 30-31, 48; Ex. C, 2019-20 Policy at 104-105, 122; Ex. D, 2020-21 Policy at 122-123, 140)

25. The term "insured" in the Commercial General Liability Coverage Form in the Ohio Security Policies means "any person or organization qualifying as such under Section II – Who Is An Insured." (Ex. B, 2018-19 Policy at 30; Ex. C, 2019-20 Policy at 104; Ex. D, 2020-21 Policy at 122)

26. SECTION II – WHO IS AN INSURED in the Commercial General Liability Coverage Form in the Ohio Security Policies states as follows:

> **1.** If you are designated in the Declarations as:
>
> \*   \*   \*
>
> **d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

(Ex. B, 2018-19 Policy at 39; Ex. C, 2019-20 Policy at 113; Ex. D, 2020-21 Policy at 131)

27. By endorsement, SECTION II – WHO IS AN INSURED, is amended to include newly acquired entities as follows:

> 3. Any organization you newly acquire or form and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:
>
>    a. Coverage under this provision is afforded only until the expiration of the policy period in which the entity was acquired or formed by you;
>
>    b. Coverage **A** does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and
>
>    c. Coverage **B** does not apply to "personal and advertising injury" arising out of an offense committed before you acquired or formed the organization.

> d. Records and descriptions of operations must be maintained by the first Named Insured.
>
> No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations or qualifies as an insured under this provision

(Ex. B, 2018-19 Policy at 67; Ex. C, 2019-20 Policy at 141; Ex. D, 2020-21 Policy at 158)

28. The Ohio Security Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Ex. B, 2018-19 Policy at 45; Ex. C, 2019-20 Policy at 119; Ex. D, 2020-21 Policy at 137)

29. The Ohio Security Policies define "bodily injury" as "physical injury, sickness or disease sustained by a person. This includes mental anguish, mental injury, shock, fright or death that results from such physical injury, sickness or disease." (Ex. B, 2018-19 Policy at 67; Ex. C, 2019-20 Policy at 141; Ex. D, 2020-21 Policy at 158)

30. The Ohio Security Policies further define "insured contract," by endorsement, to include the following:

> **f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. However, such part of a contract or agreement shall only be considered an "insured contract" to the extent your assumption of the tort liability is permitted by law. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

(Ex. B, 2018-19 Policy at 59; Ex. C, 2019-20 Policy at 133; Ex. D, 2020-21 Policy at 150)

**Nut Cravings' Late Addition as an Insured and Claim for Coverage**

31. On March 19, 2021, approximately two weeks before the Underlying Complaint was filed on April 5, 2021, Skyscraper Insurance Services, Inc., Premium Food's insurance broker, requested that Ohio Security Policy Number BKS (21) 59 30 57 38 be amended to include Nut Cravings as an additional named insured.

32. Subsequently, Ohio Security Policy Number BKS (21) 59 30 57 38 was amended to add Nut Cravings as an additional insured effective as of the date of the requested addition, March 19, 2021.  (*See* Ex. D, 2020-21 Policy at 2-20)

33. Nut Cravings was served with the Underlying Complaint on April 16, 2021.

34. On April 22, 2021, Skyscraper Insurance Services, Inc., on behalf of Premium Food provided notice to Ohio Security of the Lancia Action.

35. On May 28, 2021, Ohio Security denied coverage to Nut Cravings on the grounds, *inter alia*, that Nut Cravings was not an insured under the Ohio Security Polies when the bodily injury alleged in the Lancia Action occurred.  A true and correct copy of the May 28, 2021 coverage position letter is attached hereto as Exhibit E.

36. Thereafter, on June 30, 2021, Nut Cravings provided Ohio Security with a copy of a "Hold Harmless and Indemnification Agreement" dated January 16, 2018, in which Premium Food purportedly agreed to defend, indemnify and hold harmless Nut Cravings with respect to "liability associated with a lawsuit that stems from products liability claim" of products purchased from Premium Food.  A true and correct copy of the Hold Harmless Agreement provided to Ohio Casualty is attached hereto as Exhibit F.

37. Thus, it was not until after Ohio Security denied coverage for the Lancia Action that it was provided with a copy of the "Hold Harmless and Indemnification Agreement."

38. On July 19, 2021, Ohio Security revised its coverage position and agreed to defend Nut Cravings in the Lancia Action subject to a complete reservation of rights and specifically reserving its right of reimbursement of any defense and indemnity costs incurred. A true and correct copy of Ohio Security's revised coverage position letter is attached hereto as Exhibit G.

### Necessity of Declaratory Judgment

39. An actual controversy has arisen between the parties in that Nut Cravings has tendered the Underlying Complaint to Ohio Security for defense and indemnity coverage and Ohio Security has asserted that it has no obligation to defend Nut Cravings in connection with the Lancia Action or to pay any liability Nut Cravings may incur, whether through a settlement, judgment or otherwise, in connection with the Lancia Action.

40. Consequently, Ohio Security seeks a declaration of its rights and obligations.

### COUNT I
### DECLARATORY RELIEF AGAINST NUT CRAVINGS

41. The allegations contained in paragraphs 1 through 40 of this Complaint are incorporated herein by reference as though set forth at length herein.

42. Based upon a review of the Underlying Complaint in comparison to the language of the Ohio Security Policies, there is no coverage for and no duty to defend Nut Cravings in connection with the Lancia Action.

43. Only "insureds" qualify for coverage under the Ohio Security Policies, and that coverage applies only if "bodily injury" or "property damage" occurs during the policy period.

44. These terms are defined in the Ohio Security Policies.

45. Specifically, with respect to corporations designated on the declarations page, the corporation is an "insured," and the corporation's "executive officers," directors, and stockholders are "insureds," but only with respect to their duties as officers, directors, or stockholders.

46. The factual allegations in the Underlying Complaint determine whether a duty to defend under the Ohio Security Policies is triggered.

47. In the Underlying Complaint, Rebecca Lancia alleges that she suffered her first of multiple strokes on or about April 22, 2019, and that her neurological team did not discover that unwashed poppy seeds were the cause of her stroke until August 2020.

48. Nut Cravings was not an insured or additional named insured under the Ohio Security Policies when Rebecca Lancia's bodily injury allegedly occurred, from April 2019 to August 2020.

49. Nut Cravings was not added as an insured under Ohio Security Policy Number BKS (21) 59 30 57 38 until March 19, 2021, well after Rebecca Lancia's bodily injury allegedly occurred.

50. Upon information and belief, Nut Cravings was incorporated on or about July 26, 2016.

51. Accordingly, paragraph 3 of SECTION II – WHO IS AN INSURED cannot apply to make Nut Cravings an insured with respect to the Ohio Security Policies.

52. As a result, the claims asserted in the Underlying Complaint against Nut Cravings fall outside of the coverage provided by the Ohio Security Policies because Nut Cravings does not qualify as an insured with respect to such claims.

WHEREFORE, Plaintiff, Ohio Security Insurance Company, respectfully requests that this Courter enter:

(a) An Order declaring that Plaintiff, Ohio Security Insurance Company, is not obligated to defend Nut Cravings, Inc. in connection with the action captioned *Rebecca Lancia, et al. v. Amazon.com, Inc., et al.*, Civil Action No. L-002049-21, Superior Court of New Jersey, Law Division, Middlesex County;

(b)     An Order declaring that Plaintiff, Ohio Security Insurance Company, is not obligated to pay any judgment entered against Nut Cravings, Inc. in connection with the action captioned *Rebecca Lancia, et al. v. Amazon.com, Inc., et al.*, Civil Action No. L-002049-21, Superior Court of New Jersey, Law Division, Middlesex County;

(c)     An Order declaring that Plaintiff, Ohio Security Insurance Company, is not obligated to fund any settlement agreements entered into by Nut Cravings, Inc. in connection with the action captioned *Rebecca Lancia, et al. v. Amazon.com, Inc., et al.*, Civil Action No. L-002049-21, Superior Court of New Jersey, Law Division, Middlesex County; and

(d)     An Order declaring that Plaintiff, Ohio Security Insurance Company, is entitled to reimbursement of the costs of defense and any indemnification of Nut Cravings, Inc. in connection with the action captioned *Rebecca Lancia, et al. v. Amazon.com, Inc., et al.*, Civil Action No. L-002049-21, Superior Court of New Jersey, Law Division, Middlesex County; and

(e)     An Order for such other or alternative relief consistent with the claims and causes asserted in this Complaint.

## COUNT II
### RECOUPMENT OF DEFENSE AND INDEMNITY

53. The allegations contained in paragraphs 1 through 52 of this Complaint are incorporated herein by reference as though set forth at length herein.

54. As set forth herein, Ohio Security has agreed to defend Nut Cravings in the Lancia Action subject to a complete reservation of rights and specifically reserving its right of reimbursement of any defense and indemnity costs incurred for non-covered claims.

55. The only claims asserted against Nut Cravings are claims that are not covered by the Ohio Security policies since Rebecca Lancia's bodily injury allegedly occurred during the time period when Nut Cravings was not an insured under the Ohio Security Policies.

56. There is no provision in the Ohio Security Policies that bars the reimbursement of defense and indemnity costs incurred by Ohio Security for non-covered claims.

57. Nut Cravings would be unjustly enriched in benefitting from the defense or indemnification of any non-covered claim.

58. Accordingly, Ohio Security is entitled to the recoupment of all defense costs and all indemnity (if any) incurred on Nut Cravings' behalf in the Lancia Action.

WHEREFORE, Plaintiff, Ohio Security Insurance Company, respectfully requests that this Courter enter:

(a) An Order declaring that Plaintiff, Ohio Security Insurance Company, is not obligated to defend Nut Cravings, Inc. in connection with the action captioned *Rebecca Lancia, et al. v. Amazon.com, Inc., et al.*, Civil Action No. L-002049-21, Superior Court of New Jersey, Law Division, Middlesex County;

(b) An Order declaring that Plaintiff, Ohio Security Insurance Company, is not obligated to pay any judgment entered against Nut Cravings, Inc. for any costs incurred to pay any judgment entered against Nut Cravings, Inc. in connection with the action captioned *Rebecca Lancia, et al. v. Amazon.com, Inc., et al.*, Civil Action No. L-002049-21, Superior Court of New Jersey, Law Division, Middlesex County;

(c) An Order declaring that Plaintiff, Ohio Security Insurance Company, is not obligated to fund any settlement agreements entered into by Nut Cravings, Inc. in connection with the action captioned *Rebecca Lancia, et al. v. Amazon.com, Inc., et al.*, Civil Action No. L-002049-21, Superior Court of New Jersey, Law Division, Middlesex County; and

(d) An Order declaring that Plaintiff, Ohio Security Insurance Company, is entitled to reimbursement of the costs of defense and any indemnification of Nut Cravings, Inc. in connection with the action captioned *Rebecca Lancia, et al. v. Amazon.com, Inc., et al*., Civil Action No. L-002049-21, Superior Court of New Jersey, Law Division, Middlesex County; and

(e) An Order for such other or alternative relief consistent with the claims and causes asserted in this Complaint.

## COUNT III
## DECLARATORY RELIEF AGAINST PREMIUM FOOD

59. The allegations contained in paragraphs 1 through 58 of this Complaint are incorporated herein by reference as though set forth at length herein.

60. Based upon a review of the Underlying Complaint in comparison to the language of the Ohio Security Policies, there is no coverage for and no duty to defend Premium Food in connection with the Lancia Action.

61. Under the Insuring Agreement to the Ohio Security Policies, Ohio Security will "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."

62. Pursuant to exclusion 2.b. in the Ohio Security Policies, the Ohio Security Policies do not apply to "bodily injury" or "property damage" for which the insured is obligated to pay by reason of the assumption of liability in a contract or agreement.

63. Exclusion 2.b. in the Ohio Security Policies does not apply to liability for damages assumed in an "insured contract."

64. An "insured contract" includes "[t]hat part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for 'bodily injury' or 'property damage' to a third person or organization, provided the 'bodily injury' or 'property damage' is caused, in whole or in part, by you or by those acting on your behalf."

65. A contract is only considered an "insured contract" to the extent that the assumption of liability is permitted by law.

66. With respect to the Ohio Security Policies' definition of "insured contract," tort liability means "a liability that would be imposed by law in the absence of any contract or agreement."

67. Premium Food is not named as a defendant in the Underlying Complaint.

68. The Underlying Complaint does not contain any allegations concerning Premium Food.

69. Therefore, Premium Food cannot be legally obligated to pay damages because of "property damage" or "bodily injury" to the plaintiffs in the Lancia Action.

70. The one-page "Hold Harmless and Indemnification Agreement" dated January 16, 2018 is not enforceable for, *inter alia*, the reasons that the agreement lacks sufficient consideration and to the extent that Nut Cravings seeks indemnification for its own negligence.

71. If Premium Food is determined to be liable to Nut Cravings by virtue of the one-page "Hold Harmless and Indemnification Agreement" dated January 16, 2018, any such liability is excluded under exclusion 2.b. of the Ohio Security Policies, which excludes coverage for contractual liability.

72. The one-page "Hold Harmless and Indemnification Agreement" dated January 16, 2018 does not qualify under the "insured contract" exception to the contractual liability exclusion in the Ohio Security Policies.

73. Paragraph f. of the definition of "insured contract" in the Ohio Security Policies does not include agreements to pay defense costs, only that part of a contract under which the insured assumes the tort liability of another party to pay for "bodily injury" or "property damage" to a third person.

74. Accordingly, in the alternative, even if the one-page "Hold Harmless and Indemnification Agreement" dated January 16, 2018 qualifies as an "insured contract," Premium Food is not entitled to insurance coverage for the defense of Nut Cravings.

WHEREFORE, Plaintiff, Ohio Security Insurance Company, respectfully requests that this Courter enter:

(f) An Order declaring that Plaintiff, Ohio Security Insurance Company, is not obligated to reimburse Premium Food Group, Inc. for any costs incurred in defense of Nut Cravings, Inc. in connection with the action captioned *Rebecca Lancia, et al. v. Amazon.com, Inc., et al.*, Civil Action No. L-002049-21, Superior Court of New Jersey, Law Division, Middlesex County;

(g) An Order declaring that Plaintiff, Ohio Security Insurance Company, is not obligated to reimburse Premium Food Group, Inc. for any costs incurred to pay any judgment entered against Nut Cravings, Inc. in connection with the action captioned *Rebecca Lancia, et al. v. Amazon.com, Inc., et al.*, Civil Action No. L-002049-21, Superior Court of New Jersey, Law Division, Middlesex County;

(h) An Order declaring that Plaintiff, Ohio Security Insurance Company, is not obligated to reimburse Premium Food Group, Inc for any costs incurred to fund any settlement agreements entered into by Nut Cravings, Inc. in connection with the action captioned *Rebecca Lancia, et al. v. Amazon.com, Inc., et al.*, Civil Action No. L-002049-21, Superior Court of New Jersey, Law Division, Middlesex County; and

(i) An Order for such other or alternative relief consistent with the claims and causes asserted in this Complaint.

## **RELIEF REQUESTED**

WHEREFORE, the Plaintiff, Ohio Security Insurance Company, prays that this Honorable Court declare and adjudicate the rights and liabilities of the parties regarding the Ohio Security Policies, together with the following relief:

(a) Declaring the rights and obligations of Plaintiff, Ohio Security Insurance Company, under Policy Numbers BKS (19) 59 30 57 38, BKS (20) 59 30 57 38, and BKS (21) 59 30 57 38 as respects the underlying action captioned *Rebecca Lancia, et al. v. Amazon.com, Inc., et al.*, Civil Action No. L-002049-21, Superior Court of New Jersey, Law Division, Middlesex County;

(b) Declaring that Plaintiff, Ohio Security Insurance Company, does not owe a duty to defend or indemnify Nut Cravings, Inc. in connection with the underlying action captioned *Rebecca Lancia, et al. v. Amazon.com, Inc., et al.*, Civil Action No. L-002049-21, Superior Court of New Jersey, Law Division, Middlesex County;

(c) Declaring that Plaintiff, Ohio Security Insurance Company, does not owe a duty to reimburse Premium Food Group, Inc. with respect to any defense or indemnification obligations it may owe to Nut Cravings, Inc. in connection with the underlying action captioned *Rebecca Lancia, et al. v. Amazon.com, Inc., et al.*,

Civil Action No. L-002049-21, Superior Court of New Jersey, Law Division, Middlesex County; and

(d) Declaring that Plaintiff, Ohio Security Insurance Company, is entitled to reimbursement of the costs of defense and any indemnification of Nut Cravings, Inc. in connection with the action captioned *Rebecca Lancia, et al. v. Amazon.com, Inc., et al.*, Civil Action No. L-002049-21, Superior Court of New Jersey, Law Division, Middlesex County; and

(e) That this Court grant such other and further relief as it deems just and equitable.

POST & SCHELL, P.C.

Dated: 08/19/2021          By:    s/Kathleen K. Kerns
                                  John C. Sullivan
                                  Atty. I.D. No. 001911986
                                  Kathleen K Kerns
                                  Atty. I.D. No. 021731989
                                  Richard J Barca
                                  Atty I.D. No. 015972011
                                  Four Penn Center – 13th Floor
                                  1600 John F. Kennedy Boulevard
                                  Philadelphia, PA  19103
                                  Phone:  (215) 587-1000
                                  Fax:  (215) 587-1444
                                  E-mail:  jsullivan@postschell.com
                                           kkerns@postschell.com
                                           rbarca@postschell.com
                                  Attorneys for Plaintiff,
                                  Ohio Security Insurance Company